UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDDIE HICKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3564** |
| **MARLIN GUSMAN, ET AL.** | **SECTION "I" (3)** |

## ORDER AND REASONS

Plaintiff, Freddie Hicks, a state prisoner, filed this complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman and "D. Medical Administration." In this lawsuit, plaintiff claims that he was denied adequate medical care for calluses on his feet.

Defense counsel has filed a motion for summary judgment,[1] which plaintiff has opposed.[2] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[3]

### I. Standards of Review

The Court may grant summary judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the

---

[1] Rec. Doc. 18.

[2] Rec. Doc. 20.

[3] Rec. Doc. 11.

nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

## II. Sheriff Gusman

In the motion for summary judgment, Sheriff Gusman argues that he is not a proper defendant with respect to plaintiff's medical claim. For the following reasons, this Court agrees.

"Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Courts have repeatedly held that individual-capacity claims against Sheriff Gusman for inadequate medical care fail absent allegations of his personal involvement. See, e.g., LeBlanc v. Gusman, Civ. Action No. 09-2786, 2010 WL 148290, at *2 (E.D. La. Jan. 12, 2010); Williams v. Gusman, Civ. Action No. 08-4446, 2009 WL 1116599, at *6 (E.D. La. Apr. 24, 2009); Melancon v. New Orleans Police Dep't, Civ. Action No. 08-5005, 2009 WL 249741, at *3 (E.D. La. Jan. 30, 2009); Doris v. Gusman, Civ. Action No. 08-4176, 2008 WL 4810547, at *2 (E.D. La. Oct. 27, 2008); Foster v. State of Louisiana, Civ. Action No. 06-9876, 2008 WL 3477016, at *5-6 (E.D. La. Aug. 11, 2008); Charles v. Gusman, Civ. Action No. 07-1933, 2008 WL 45375, at *1 (E.D. La. Jan. 2, 2008).

Here, plaintiff makes no allegations whatsoever against Sheriff Gusman or any involvement by him in plaintiff's medical care. Further, plaintiff admitted in a deposition that Sheriff Gusman had no such personal involvement and is being sued based solely on his supervisory position.[4] However, as Sheriff Gusman notes in his motion, he cannot be held liable pursuant to 42 U.S.C. § 1983 based merely on a theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create

---

[4] Rec. Doc. 18, Exhibit C, Deposition of Freddie Hicks dated December 29, 2009, pp. 7-8.

supervisory or *respondeat superior* liability."). Accordingly, it is evident that no proper individual-capacity claim has been stated against Sheriff Gusman.

Out of an abundance of caution, the Court also notes that it is likewise clear that plaintiff has not stated an official-capacity claim against Sheriff Gusman. "In a suit brought against a municipal official in his official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury." Parm v. Shumate, 513 F.3d 135, 142 (5th Cir. 2007), cert. denied, 129 S.Ct. 42 (2008). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003). Again, it has been repeatedly held that official-capacity claims against Sheriff Gusman for allegedly inadequate medical care must be dismissed absent an allegation that the violation resulted from an unconstitutional policy or custom. See, e.g., LeBlanc, 2010 WL 148290, at *2; Doris, 2008 WL 4810547, at *2; Charles, 2008 WL 45375, at *1 n.6. In the instant case, plaintiff does not allege that his purportedly inadequate medical care resulted from such a policy or custom, much less identify a policy or custom.

### III. "D. Medical Administration"

In the motion for summary judgment, it is also correctly noted that "D. Medical Administration" is not a proper defendant.

To the extent that plaintiff is attempting to sue the prison's medical department, that department is not a juridical entity capable of being sued. See Jacobson v. Gusman, Civ. Action No. 09-3695, 2009 WL 2870171, at *2 (E.D. La. Aug. 10, 2009) (Shushan, M.J.), adopted, 2009 WL 2957961 (E.D. La. Aug. 26, 2009) (Lemelle, J.); Brewin v. St. Tammany Parish Correctional Center, No. 08-0639, 2009 WL 1491179, at *2 (W.D. La. May 26, 2009) ("[A] 'department' within a prison facility is not a 'person' under § 1983."); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); Oladipupo v. Austin, 104 F.Supp.2d 626, 641-42 (W.D. La. 2000).

To the extent that plaintiff is attempting to sue the medical administrator, he failed to properly identify that person. "[C]laims against ... unidentified defendants fail to state a claim for which relief can be granted and are otherwise frivolous." August v. Gusman, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); see also Hill v. Strain, Civ. Action No. 08-4768, 2010 WL 111062, at *3 (E.D. La. Jan. 11, 2010); Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); Carter v. Strain, Civ. Action No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007). Moreover, the deadline for amending the complaint to identify the medical administrator has passed.[5] Additionally, even if an identified individual had been named, the claim would still fail. It has not been alleged that the medical administrator was personally involved in plaintiff's medical care or the denial thereof,

---

[5] Rec. Doc. 10.

as would be required for a colorable individual-capacity claim,[6] or that medical care was denied to him pursuant to an identified policy or custom, as would be required for a colorable official-capacity claim.

Accordingly, for all of the foregoing reasons, **IT IS ORDERED** that the motion for summary judgment, Rec. Doc. 18, is **GRANTED** and that plaintiff's claims against Orleans Parish Criminal Sheriff Marlin Gusman and "D. Medical Administration" are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this seventeenth day of February, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Moreover, as previously explained, a supervisory official such as the medical administrator cannot be held liable pursuant to § 1983 based on any theory of vicarious liability.